[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11796

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEREMY ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00023-PGB-EJK-1

_____

Before BRANCH, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Jeremy Anderson appeals his 151-month total sentence for 20 counts of mail and wire fraud and conspiracy to commit mail and wire fraud. He argues that the district court erred in imposing a two-level enhancement for sophisticated means because his offense did not involve any of the hallmarks of a sophisticated offense and because simultaneously applying the sophisticated means enhancement along with other enhancements constituted double counting. Further, he argues that his sentence was substantively unreasonable because the district court failed to give adequate weight to his difficult childhood and created an unwarranted sentencing disparity between him and his codefendants.

## I.

We review a district court's finding that an offense involved sophisticated means for clear error. *United States v. Sosa*, 777 F.3d 1279, 1300 (11th Cir. 2015). When reviewing for clear error, we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been made. *Id.*

Under U.S.S.G. § 2B1.1(b)(10)(C), a defendant's offense level for a fraud offense is enhanced by two levels if the offense involves sophisticated means and the defendant intentionally engages in or causes the conduct constituting sophisticated means. U.S.S.G. § 2B1.1(b)(10)(C). The use of repetitive, coordinated conduct to

perpetuate and conceal a fraud scheme supports a sophisticated means enhancement. *United States v. Bane*, 720 F.3d 818, 826-27 (11th Cir. 2013). Moreover, the length of a scheme and the loss inflicted by it can be considered in determining whether a defendant employed sophisticated means. *United States v. Feaster*, 798 F.3d 1374, 1381 (11th Cir. 2015). Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines. *United States v. Suarez*, 893 F.3d 1330, 1336 (11th Cir. 2018).

Here, the district court did not clearly err in finding that the offense involved sophisticated means and that Anderson intentionally engaged in the conduct constituting sophisticated means. The undisputed facts show that Anderson created a "welcome letter" promising to use investor funds to buy medical receivables and pay an eight percent interest rate, sent investors a letter from the law firm purporting to hold the funds in escrow, and falsified multiple documents. The falsified documents included, *inter alia*, falsified LOPs[1] and purported to transfer them to investors as AIC

---

[1] LOPs were letters of protection provided by a patient's attorney promising to pay the provider upon receipt of proceeds from a settlement or judgment.

4                    Opinion of the Court                    21-11796

Certificates.[2]  He also fabricated a fake opinion letter from a law firm representing that the investment was an exempt security.  Anderson was also aware of false representations on Tri-Med's website and in its advertisements that the investment was better than a certificate of deposit, that it was backed by major health insurance companies, and that it was accredited by the Better Business Bureau.  While Anderson is correct that the design of the scheme itself was not overly complex, the mechanisms by which the scheme was implemented and executed were sufficiently sophisticated to support the district court's application of the sophisticated means enhancement.

Moreover, Anderson's methods were repetitive, coordinated, and targeted to reassure investors and make his scheme appear legitimate, which further supported the enhancement.  *Bane*, 720 F.3d at 826-27.  Additionally, the scheme lasted for nearly 3 years and resulted in a loss of over $17 million.  This degree of duration and loss further evidences the sophistication of Anderson's methods.  *Feaster*, 798 F.3d at 1381.

Finally, application of the sophisticated means enhancement along with the aggravating role enhancement did not result in impermissible double counting.  The sophisticated means enhancement arises from a defendant's complex or intricate conduct in the execution or concealment of an offense, which is distinct from the

---

[2] An AIC Certificate purported to transfer to the investor a particular numbered LOP as collateral for the investment.

extent of the defendant's role in the offense. *See Sosa*, 777 F.3d at 1300-02.

## II.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of proving that it is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). A district court must consider all 18 U.S.C. § 3553(a) factors but is not required to give all factors equal weight. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). A claim of unwarranted sentence disparities requires that the defendant be similarly situated to the defendants to whom he compares himself. *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). Disparities between sentences imposed on codefendants is generally not an appropriate basis for relief on appeal. *United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015).

Here, Anderson's sentence is not substantively unreasonable. Anderson's argument that his sentence created an unwarranted disparity with his codefendants fails. The district court

regarded Anderson as not being similarly situated to his codefendants, noting that the Agers were much older and less culpable. Anderson was also more culpable than Nicholas. Further, Anderson's criminal history, which comprises forgery, battery, and grand theft, also differentiated him from Nicholas, who had no criminal history. Moreover, Anderson's argument that his acceptance of responsibility entitled him to a sentence in line with his codefendants is unpersuasive because his acceptance of responsibility was already calculated in the guideline range through a three-level reduction. Thus, Anderson has not met his burden to prove that the district court abused its discretion by imposing a sentence that created an unwarranted disparity with his codefendants. *Tome*, 611 F.3d at 1378; *Duperval*, 777 F.3d at 1338.

In addition, the district court was within its discretion to consider Anderson's aggravating factors more than his mitigating factors in imposing the sentence. *Rosales-Bruno*, 789 F.3d at 1254. The district court considered Anderson's challenging upbringing but concluded that the factor was not substantially mitigating, as Anderson chose to commit fraud despite the opportunities afforded to him by being adopted and brought to the United States. The district court, as it was entitled to do, found that Anderson's aggravating role in the scheme, the 300 victims who lost their life savings, and Anderson's criminal history outweighed the mitigating factors asserted by Anderson. The district court stated that it considered all § 3553(a) factors and it was not required to give equal weight to all of the factors. *Rosales-Bruno*, 789 F.3d at 1254.

21-11796               Opinion of the Court                    7

Therefore, because the district court did not abuse its discretion in weighing Anderson's aggravating role and criminal history more heavily than other factors, Anderson's sentence was not substantively unreasonable.

**AFFIRMED.**